## VAN GIESON v. VAN GIESON.

(Supreme Court, Appellate Division, Second Department.      February 11, 1898.)

APPEAL—REVIEW—SUPPORT OF WIFE.

> Where, upon appeal from an order granting alimony and counsel fees to a plaintiff in an action for a separation, it appeared that, upon the discontinuance of a prior action for the same relief, defendant had, in writing, conceded his liability, and had entered into a contract to pay plaintiff a specified sum per week, and had stipulated that in case of his default she might recommence her action, and petition for alimony and counsel fees, *held*, on affirming the order, that it was unnecessary to consider the sufficiency of the original cause of action, or whether plaintiff had had a cause of action at all.

Appeal from trial term.

Action by Evelyn Van Gieson against Ira Van Gieson. From an order granting alimony and counsel fees, and denying a motion to resettle the same, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John L. Linehan, for appellant.
Rufus O. Catlin, for respondent.

WOODWARD, J. The parties to this action were married on the 8th day of January, 1896. They have never lived together, and no children have been born to them. On the 31st day of October, 1896, the plaintiff commenced an action for separation against the defendant, but by subsequent negotiations the action was discontinued; the parties entering into an agreement in writing, under seal, by which the defendant undertook to pay to the plaintiff the sum of $25 per week, for her support and maintenance, together with a certain sum for counsel fees; it being stipulated that, in the event of a default on the part of the defendant, the plaintiff was to have the right to recommence the action which was discontinued under the agreement, and to petition any court of competent jurisdiction for alimony and counsel fees. The defendant, through his attorneys, made various payments under this provision, substantially complying with its requirements, until some time in the latter part

of August, when, through some mismanagement or neglect on the part of his attorneys, the defendant defaulted in his payments; and the plaintiff, acting upon the right reserved to her in the articles of agreement, began the action now under consideration, and asked for alimony and counsel fees. After various adjournments, during which time the defendant paid some part of the alimony agreed upon, the court below rendered its judgment decreeing the payment of $100 counsel fee, $150 to the plaintiff as accrued alimony, and the weekly payment of $25 during the pendency of the action, and on each Saturday thereafter until the further order of the court. Upon the entry of this order, the defendant, through his counsel, asked for and was granted an order to show cause why a motion for the resettlement of the case should not be granted; the proposed resettlement differing in no material degree from that set forth in the order of the court. On the hearing of this motion it was denied, with costs, and from this the defendant appeals to this court.

It is unnecessary at this time to consider the sufficiency of the original cause of action, or whether this plaintiff had a cause of action at all. The defendant has, by a written article, conceded his liability to this plaintiff. He has entered into a contract to pay her the sum of $25 per week, and in default of such payment he has stipulated that she might recommence her action, and apply for counsel fees and alimony; and the order of the court does little, if any, more than to ratify this contract, and to place the matter in a position where the plaintiff shall not be annoyed in the collection of that which is conceded to be her due. The conduct of the defendant, in so far as this litigation is concerned, has been lacking in evidence of good faith, the appeal from the order denying the motion for a resettlement being without merit; and there is no other course for this court, except to affirm the judgment of the court below. A careful examination of the authorities cited in behalf of the defendant fails to disclose any adjudicated cases to the contrary, or even to suggest a line of reasoning which would lead to any other conclusion. The plaintiff is conceded to be entitled to support at the hands of her husband, the order of the court gives her no more than the defendant has already agreed to pay, and the appeal from the order of the court, upon a mere matter of detail as to the manner of payment, does not seem to be entitled to any great degree of consideration. The orders appealed from are affirmed, with costs. All concur.